[Cite as *State v. Newcome*, 2016-Ohio-1022.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JEFFREY NEWCOME | : | Case No. 15CA48 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2014-CR-0714


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                March 11, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL M. ROGERS                          JOHN C. O'DONNELL
38 South Park Street                      10 West Newlon Place
Mansfield, OH  44902                      Mansfield, OH  44902

*Farmer, P.J.*

{¶1} On December 8, 2014, the Richland County Grand Jury indicted appellant, Jeffrey Newcome, on one count of deception to obtain a dangerous drug in violation of R.C. 2925.22 and one count of identity fraud in violation of R.C. 2913.49. Said charges arose from an incident wherein appellant attempted to obtain pain medication from Ohio MedCentral Emergency Room on October 26, 2014 by impersonating his brother.

{¶2} A jury trial commenced on May 11, 2015. The jury found appellant guilty as charged. By judgment entry filed May 13, 2015, the trial court merged the two counts and sentenced appellant to eighteen months in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE VERDICT OF GUILTY WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE."

I

{¶5} Appellant claims his conviction was against the manifest weight of the evidence as no proof was presented to establish that he requested pain medication or that he lied about his need for pain medication. We disagree.

{¶6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st

Dist.1983).   See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.   The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶7}   Appellant was convicted of and sentenced on a violation of R.C. 2925.22 which states: "No person, by deception, shall procure the administration of, a prescription for, or the dispensing of, a dangerous drug or shall possess an uncompleted preprinted prescription blank used for writing a prescription for a dangerous drug."  R.C. 2913.01(A) defines "deception" as:

> [K]nowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

{¶8}   Appellant argues there is nothing in the record to indicate he lied about being in pain or requested any specific medication, or had previously sought pain medication from the doctor or hospital in question.  Appellant's Brief at 5.  Appellant does not contest the fact that he registered at the Emergency Room under his brother's name or that he was not authorized to assume his brother's identity.

{¶9}   On October 26, 2014, emergency room physician Dr. Paul Ritenour encountered a patient by the name of "Rick Newcome."  T. at 15-17.  "Rick Newcome"

was actually appellant, Jeffrey Newcome, and was the name of appellant's brother. T. at 17, 70, 85. Dr. Ritenour had met appellant on more than one occasion and believed he was "seeing someone that didn't match the name that I was aware of." T. at 18. Nonetheless, Dr. Ritenour began treatment of appellant by taking his symptoms. *Id.* Appellant complained of chronic pain and insomnia. T. at 18-19. He asked for "narcotic treatment for his pain." T. at 22. Dr. Ritenour ordered a shot of Dilaudid, a Schedule II controlled substance. T. at 20.

{¶10} Suzanna Friend, a registrar in the registration department of the emergency room, testified appellant presented himself as "Rick Newcome." T. at 49-51. He stated he had never been to that emergency room before, and he did not have any identification with him. T. at 51, 53, 57. He signed the consent form as "Jeffrey Newcome." T. at 52. When confronted with the name change, appellant stated "Jeffrey" was his nickname. *Id.* Ms. Friend checked the computer for a "Jeffrey Newcome" and "sure enough, there had been a Jeffrey Newcome there before." *Id.* Ms. Friend went back to verify appellant's information and he gave her a different birthdate and social security number. T. at 55-56. Appellant wanted Ms. Friend to hurry up because he was in a lot of pain, he needed something for his pain. T. at 58. Appellant "kept going on and on about he was just in so much pain." *Id.* A nurse was getting ready to load a syringe with the pain medication when Ms. Friend told the nurse to wait so she could discuss the confusion with Dr. Ritenour. T. at 56-57.

{¶11} Dr. Ritenour and Ms. Friend became suspicious of appellant's true identity and called the police. T. at 22, 53, 56. Once the police became involved, appellant was

anxious to leave the emergency room and was very fidgety.  T. at 23, 80.  Appellant gave the police his driver's license out of his wallet.  T. at 79, 87.

{¶12}  Upon review of the evidence presented, we find sufficient direct evidence of purposeful deception by appellant in order to obtain pain medication under an assumed name.  There is sufficient credible evidence to support the jury's finding of guilty, and no manifest miscarriage of justice.

{¶13}  The sole assignment of error is denied.

{¶14}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.

SGF/sg 222